UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

RODNEY GENE ROCHA,  )
                                             Plaintiff,  )   Case No. 1:11-cv-1201

v.  )   Honorable Janet T. Neff

COMMISSIONER OF
SOCIAL SECURITY,  )
                                             Defendant.  )   **REPORT AND RECOMMENDATION**

---

       This is a social security action brought under 42 U.S.C. § 405(g) seeking review of a final decision of the Commissioner of Social Security denying plaintiff's claim for disability insurance benefits (DIB). On August 25, 2008, plaintiff filed his application for benefits alleging an August 5, 1998 onset of disability. Plaintiff's disability insured status expired on December 31, 2003. Thus, it was plaintiff's burden to submit evidence demonstrating that he was disabled on or before December 31, 2003. *See Moon v. Sullivan*, 923 F.2d 1175, 1182 (6th Cir. 1990).

       Plaintiff's claim for DIB benefits was denied on initial review. On March 31, 2011, he received a hearing before an administrative law judge (ALJ). (A.R. 27-50). On April 28, 2011, the ALJ issued a decision finding that plaintiff was not disabled. (A.R. 10-17). On September 16, 2011, the Appeals Council denied review (A.R. 1-3), and the ALJ's decision became the Commissioner's final decision.

       Plaintiff filed a timely *pro se* complaint seeking judicial review of the Commissioner's decision denying his claim for DIB benefits. Plaintiff argues that the

Commissioner's decision should be overturned because he was disabled on or before December 31, 2003. Upon review, I recommend that the Commissioner's decision be affirmed.

## **Standard of Review**

When reviewing the grant or denial of social security benefits, this court is to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner correctly applied the law. *See Elam ex rel. Golay v. Commissioner*, 348 F.3d 124, 125 (6th Cir. 2003); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Substantial evidence is defined as "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Heston v. Commissioner*, 245 F.3d 528, 534 (6th Cir. 2001) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *see Rogers v. Commissioner*, 486 F.3d 234, 241 (6th Cir. 2007). The scope of the court's review is limited. *Buxton*, 246 F.3d at 772. The court does not review the evidence *de novo*, resolve conflicts in evidence, or make credibility determinations. *See Ulman v. Commissioner*, 693 F.3d 709, 713 (6th Cir. 2012); *Walters v. Commissioner*, 127 F.3d 525, 528 (6th Cir. 1997). "The findings of the [Commissioner] as to any fact if supported by substantial evidence shall be conclusive . . . ." 42 U.S.C. § 405(g); *see McClanahan v. Commissioner*, 474 F.3d 830, 833 (6th Cir. 2006). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. . . . This is so because there is a 'zone of choice' within which the Commissioner can act without fear of court interference." *Buxton*, 246 F.3d at 772-73. "If supported by substantial evidence, the [Commissioner's] determination must stand regardless of whether the reviewing court would resolve the issues of fact in dispute differently." *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993); *see*

*Smith v. Chater*, 99 F.3d 780, 782 (6th Cir. 1996) ("[E]ven if the district court -- had it been in the position of the ALJ -- would have decided the matter differently than the ALJ did, and even if substantial evidence also would have supported a finding other than the one the ALJ made, the district court erred in reversing the ALJ."). "[T]he Commissioner's decision cannot be overturned if substantial evidence, or even a preponderance of the evidence supports the claimant's position, so long as substantial evidence also supports the conclusion reached by the ALJ." *Jones v. Commissioner*, 336 F.3d 469, 477 (6th Cir. 2003); *see Kyle v. Commissioner*, 609 F.3d 847, 854 (6th Cir. 2010).

**Discussion**

The ALJ found that plaintiff met the disability insured status requirements of the Social Security Act on August 5, 1998, through December 31, 2003, but not thereafter. (A.R. 12). Plaintiff had not engaged in substantial gainful activity during the period from his alleged onset of disability through his date last disability insured. (A.R. 12). Through his date last insured, plaintiff had the following severe impairments: "degenerative joint disease of the knees, gout, degenerative disc disease lumbar spine, hypertension, and history of right rotator cuff repair of the right shoulder." (A.R. 12). Plaintiff did not have an impairment or combination of impairments which met or equaled the requirements of the listing of impairments. (A.R. 12). The ALJ found that plaintiff retained the residual functional capacity (RFC) for a limited range of sedentary work:

> After consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) except he is able to lift and/or carry 5 pounds frequently and occasionally 10 pounds. He is able to stand and/or walk 2 hours in an 8-hour workday. He is able to sit 6 hours in an 8-hour workday. He can occasionally climb ramps and stairs, but never climb ladders, ropes or scaffolds. He could balance, stoop, kneel, and crawl

occasionally. He can occasionally do overhead reaching. He should never work around unprotected heights, open flames, or dangerous and/or moving machinery.

(A.R. 13). The ALJ found that plaintiff's testimony regarding his subjective functional limitations was not fully credible. (A.R. 13-15). Plaintiff was unable to perform any past relevant work. (A.R. 15). Plaintiff was 46-years-old as of his date last disability insured. Thus, at all times relevant to his claim for DIB benefits, plaintiff was classified as a younger individual. (A.R. 15). Plaintiff has at least a high school education and is able to communicate in English. (A.R. 15). The transferability of job skills was not material to a disability determination. (A.R. 16). The ALJ then turned to the testimony of a vocational expert (VE). In response to a hypothetical question regarding a person of plaintiff's age, and with his RFC, education, and work experience, the VE testified that there were approximately 4,680 jobs in Michigan's Lower Peninsula that the hypothetical person would be capable of performing. (A.R. 47-48). The ALJ found that this constituted a significant number of jobs. Using Rules 201.21 and 201.28 of the Medical-Vocational Guidelines as a framework, the ALJ held that plaintiff was not disabled. (A.R. 16-17).

**1.**

Plaintiff argues that the ALJ's finding that he was not disabled before his disability insured status expired is not supported by substantial evidence. (Plf. Brief at 5, 12, ID#s 591, 594; Reply Brief at 6, docket # 16, ID# 641). The ALJ carefully considered all the medical evidence from the relevant time period: August 5, 1998, through December 31, 2003. (A.R. 13-14). The ALJ gave appropriate consideration to the medical evidence generated after plaintiff's date last disability

insured.[1]  (A.R. 14).  Medical expert John Anigbogu, M.D., testified that, in his opinion, the medical records indicated that, during the period at issue, plaintiff was capable of performing light work.  (A.R. 43-44).  The ALJ gave plaintiff the benefit of a doubt when he found that plaintiff retained the RFC for a limited range of sedentary work.  (A.R. 13).  Substantial evidence is defined as such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Heston v. Commissioner*, 245 F.3d at 534.  The ALJ's decision easily withstands scrutiny under this highly deferential standard of review.  *See Ulman v. Commissioner*, 693 F.3d 709, 714 (6th Cir. 2012).

**2.**

Plaintiff argues that he had the "same impairments" in 2003 as in 2008.  (Plf. Brief at 7, ID# 593).  On August 25, 2008, plaintiff filed an application for supplemental security income (SSI) benefits.  (A.R. 116-20).  This application was approved, and plaintiff is receiving SSI benefits.[2]  (A.R. 31).  However, even assuming that plaintiff had the "same impairments" in 2003, it would not provide a basis for disturbing the Commissioner's decision denying his claim for DIB benefits.  A claimant's age is generally a factor in determining whether a claimant is disabled. Plaintiff was 46-years-old as of his date last disability insured, which is defined as a "younger

---

[1] Documents generated after expiration of plaintiff's disability insured status are "minimally probative," and are considered only to the extent that they illuminate a claimant's health before the expiration of his insured status. *See Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988).

[2] SSI benefits are not awarded retroactively for months prior to the application for benefits. 20 C.F.R. § 416.335; *see Kelley v. Commissioner*, 566 F.3d 347, 349 n.5 (3d Cir. 2009); *see also Newsom v. Social Security Admin.*, 100 F. App'x 502, 504 (6th Cir. 2004).  The earliest month in which SSI benefits are payable is the month after the application for SSI benefits is filed.  Thus, September 2008 was plaintiff's earliest possible entitlement to SSI benefits.

individual." *See* 20 C.F.R. § 404.1563(c). By contrast, in August 2008, plaintiff was 51-years-old and classified as an individual "closely approaching advanced age." 20 C.F.R. §§ 404.1563(d), 416.963(d). An award of SSI benefits based on a finding of disability almost five years after plaintiff's date last disability insured, and during a period when he fell within an age classification more favorable to a claim of disability, does not provide a factual or legal basis for disturbing the Commissioner's decision denying plaintiff's claim for DIB benefits. *See Allen v. Commissioner*, 561 F.3d 646, 652-54 (6th Cir. 2009); *Asbury v. Commissioner*, 83 F. App'x 682, 685 (6th Cir. 2003) (A claimant cannot "bootstrap h[is] success" on a subsequent application for benefits to alter his burden when seeking judicial review of a decision finding that he was not disabled during an earlier period.); *see also Jones v. Commissioner*, No. 1:10-cv-840, 2012 WL 967509, at * 7 (W.D. Mich. Feb. 8, 2012).

**Recommended Disposition**

For the reasons set forth herein, I recommend that the Commissioner's decision be affirmed.

Dated:  January 14, 2013   /s/  Joseph G. Scoville
United States Magistrate Judge

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 129 S. Ct. 752 (2008); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). General objections do not suffice. *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *see Frontier*, 454 F.3d at 596-97; *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006).